

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
06/04/2012

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 12-31614 |
| MARIA MONTERO SCOTT; aka SCOTT; | § | CHAPTER 13 |
| fka WILRIDGE | § | |
| | § | |
| Debtor(s). | § | DAVID R. JONES |

## MEMORANDUM OPINION
(Docket No. 31)

On May 15, 2012, the Debtor filed her Amended Chapter 13 Plan (the "Plan") [Docket No. 26]. On May 18, 2012, Woodlands Financial Services, Inc. ("Woodlands") filed an objection to the proposed Plan [Docket No. 28]. After review, the chapter 13 trustee recommended confirmation of the Plan on May 22, 2012 [Docket No. 29].

On May 31, 2012, the Court conducted a hearing to consider confirmation of the Plan. The Debtor testified in support of the Plan. Woodlands offered no testimony or other evidence in support of its objection except for cross-examination of the Debtor.

The parties agree that Woodlands holds a claim against the Debtor in the amount of $8,974.29 secured by a lien on the Debtor's 2006 Dodge Charger vehicle. Under the Plan, the Debtor proposes to satisfy Woodlands' claim in full with interest at the rate of 5.25% over 53 months with monthly adequate protection payments of $111.25 in accordance with Local Rule 4001 [Docket No. 26]. The Plan specifies that Woodlands will retain its lien [Docket No. 26]. The estimated amount of Woodlands' monthly payment is listed in the Plan as "pro-rata" [Docket No. 26].

Woodland objects to the proposed treatment of its claim arguing that (i) the Plan violates 11 U.S.C. § 1325(a)(5)(B) by failing to provide "set and equal payments"; and (ii) the "vehicle will depreciate more rapidly than [the] term for payment" [Docket No. 28]. Phrased more simply, Woodland asserts that "pro-rata" payments violate 11 U.S.C. § 1325(a)(5)(B)(iii)(I)'s requirement that a secured creditor must receive equal monthly payments under a chapter 13 plan; and (ii) a 53-month repayment term is too long for the used car that it financed for the Debtor.

With respect to Woodlands' argument that the proposed repayment period is too long, the Court notes that 11 U.S.C. § 1322(b) allows for the modification of repayment terms for secured creditors whose claims are secured by property other than the debtor's principal residence. Under the circumstances presented in this case, the Court is aware of no requirement that would require a shortening of 11 U.S.C. § 1322(d)'s upward limitations on plan terms. The objection is overruled.

More interesting is Woodlands' argument that "pro-rata" monthly payments do not equate to "equal monthly payments" as required by 11 U.S.C. § 1325(a)(5)(B)(iii)(I). Woodlands does not dispute that it is receiving the full value of its claim plus interest over the proposed 53-month repayment term. Rather, Woodlands argues that its monthly payment is not in a precise amount.

The approved form of chapter 13 plan in this district provides that the proposed payment to a secured creditor in Woodlands' position that is secured by a lien on a vehicle is an estimate to be subsequently adjusted to reflect the actual amount of the claim. The plan further provides that the monthly amount to be received by the secured creditor will be the greater of the proposed plan payment or the adequate protection payment applicable to the case. *See DeSardi*, 340 B.R. 790 (Bankr. S.D. Tex. 2006).

The Court does not believe that "pro-rata" is interchangeable with "equal payments" in all circumstances. Rather, in order to determine whether this Plan meets § 1325(a)(5)(B)(iii)(I)'s requirement of "equal monthly payments," one must perform a mathematical calculation to determine whether the proposed monthly plan payment allows for equal monthly payments of Woodlands' claim over the Plan's term. While neither party offered such a calculation during the confirmation hearing, the information is readily available from the face of the Plan. As part of its duty in evaluating the Plan, the Court believes that it has the authority, if not the obligation, to perform the calculation once the issue is raised.

After deducting the chapter 13 trustee's published commission and the regular mortgage payment to Seterus, the Court's calculation reflects that Woodlands will receive the greater of the adequate protection payment applicable to the case and the monthly payment required to amortize its claim during the plan period—exactly the result contemplated under the Bankruptcy Code. While stating a specific amount in the Plan might have avoided the filing of an objection by Woodlands, the Debtor was well within the confines of §§ 1322 and 1325 by proceeding along her chosen route. Accordingly, the Court overrules Woodlands' objection.

A separate order confirming the Debtor's Amended Chapter 13 Plan will be entered.

**SIGNED: June 4, 2012.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**